UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATE OF AMERICA, )<br>  )<br>   Plaintiff, )<br>  )<br>v. )<br>  )<br>ALEXIS BOYD, )<br>  )<br>   Defendant, ) | **Docket No.: 2:19-cr-175-NT** |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

In concert with defendant's motions for discovery and suppression, the defendant's motion to dismiss laid out evidence of Trooper's Darcy's own racist bias, explored his manufactured bases for a number of stops, and outlined how he conducts disproportionate traffic stops and K9 searches of people of color. Ms. Boyd has met her burden in her motion for discovery, and in her reply to the Government's opposition to the same, and has requested additional documents that will offer further evidence of a policy of pulling over people of color traveling northbound on I-95 for traffic violations that are either manufactured, or that are disproportionately less frequently used as justification for the traffic stop of white individuals.

Though the legislature defines the outer limits of law enforcement's proscribed conduct, individual police officers define the actual limits. The central purpose of the Equal Protection Clause is the prevention of official conduct discriminating on the basis of race. *Washington v. Davis*, 426 U.S. 229, 239 (1976). The Due Process Clause of the Fifth Amendment also contains "an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." *Id.* The "heart of the Equal Protetion Clause is its prohibition of

1

discriminatory treatment. If a government actor has imposed unequal burdens based upon race, it has violated the clause." *United States v. Avery*, 137 F.3d 343, 355 (6th Cir. 1997) (citing *Washington v. Davis*, and quoting *Samaad v. Dallas*, 940 F.2d 925, 932 (5th Cir. 1991)).

When a state official engages in discriminatory enforcement and application of a valid statute, it is a denial of equal protection under the Fourteenth Amendment. *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886). Though *Yick Wo* involved unequal administration of a public ordinance by a city licensing board, the underlying principle has been applied to the actions of prosecutors and police officials, and is applicable here. *See Batson v. Kentucky*, 106 S.Ct. 1712 (1986); *Two Guys from Harrison-Allentown, Inc. v. McGinley*, 366 U.S. 582, 588 (1961); *United States v. Falk*, 479 F.2d 616, 618 (7th Cir. 1973).

## CONCLUSION

The defendant requests a hearing on her motion to dismiss following a hearing on her motion for discovery. The factual information thus far provided to the Court agitates in favor of both. Ms. Boyd was the subject of an unconsitutional search and seizure that was a result of Trooper Darcy's unchecked policing strategies.

Dated this 24th day of August 2021, at Portland, Maine.

Respectfully submitted,

*/s/ Daphne Hallett Donahue*
_____
Attorney for Defendant
Assistant Federal Public Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070
FAX: 553-7017
Daphne_Donahue@fd.org

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

    I, Daphne H. Donahue, Esq., attorney for Alexis Boyd, hereby certify that I have caused to be served via ECF a copy of this motion upon Meghan Connelly, Assistant United States Attorney, and all counsel of record via the ECF system.

    Dated this 24th day of August, at Portland, Maine.
Respectfully submitted,

*/s/ Daphne Hallett Donahue*

_____
Daphne Hallett, Donahue, Bar No. 5108
Attorney for Defendant